**LITTLER MENDELSON, P.C.**
Jedd E. Mendelson, Esq. (N.J. Bar No. 038131993)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: jmendelson@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Benihana*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br>                    Plaintiff,<br><br>          v.<br><br>BENIHANA,<br><br>                    Defendant. | Civil Action No. 1:21-cv-16513<br><br>**NOTICE OF REMOVAL (FEDERAL QUESTION AND DIVERSITY JURISDICTION)**<br><br>*<u>Electronically Filed</u>* |

**TO:  THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Benihana National Corp. ("Defendant") (improperly pled as "Benihana"), a Delaware corporation with its principal place of business in Florida, files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Camden County, where the action is now pending, as provided by 28 U.S.C. §§ 1441, 1446 and states:

**<u>STATE COURT ACTION</u>**

1.      On or about March 15, 2021, Plaintiff Jolynne Sunkett ("Plaintiff") commenced an action by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County,

(the "Complaint") bearing Docket No. CAM-L-000757-21 (the "State Court Action"). Appended as Exhibit A is a copy of Plaintiff's Complaint in the State Court Action and the Civil Case Information Statement.

2.      Defendant first became aware of the Complaint in the State Court Action on Friday, August 20, 2021. *See* Decl. of Jedd E. Mendelson, ¶ 2 (appended as Exhibit B).

## TIMELINESS OF REMOVAL

3.      This Notice of Removal is timely filed within 30 days of Friday, August 20, 2021, under 28 U.S.C. § 1446(b)(1). *See* Ex. B, ¶ 3.  Defendant's position is that Plaintiff did not properly serve the Complaint upon Defendant and that it is removing the action "within 30 days after the receipt by the defendant, through service **or otherwise**, of a copy of the [Complaint]" in accordance with 28 U.S.C. § 1446(b)(1) (emphasis added).

## GROUNDS FOR REMOVAL

4.      Defendant removes this action based on federal question jurisdiction under 28 U.S.C. § 1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because one of Plaintiff's claims arises under the Family Medical Leave Act ("FMLA"), which is codified at 29 U.S.C. § 2601, *et seq*.

5.      Defendant also removes this action based upon diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  28 U.S.C. § 1332 (a)(1).  As explained below, both of these requirements are met here.

6.      This Court has supplemental jurisdiction over Plaintiff's state law discrimination claim under the New Jersey Law Against Discrimination (the "NJLAD") pursuant to 28 U.S.C. § 1367.

**FEDERAL QUESTION JURISDICTION**

7.     The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which therefore may be properly removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c) and 1446 in that it arises under federal law and presents a federal question, specifically, whether Defendant violated the FMLA. *See* Ex. A, at ¶¶ 29-38.

8.     Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court.  28 U.S.C. § 1367(a).  Supplemental jurisdiction over Plaintiff's state law claim is proper because Plaintiff's claim of disability discrimination is related to Plaintiff's federal claim as it is part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates.  *See* 28 U.S.C. §§ 1441(c) and 1367.

9.     Since Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

**DIVERSITY JURISDICTION**

10.     Plaintiff is a resident of Camden County, New Jersey.  Plaintiff so testified under oath at an unemployment insurance hearing conducted on January 16, 2020.  A copy of the hearing transcript from that unemployment insurance hearing is appended to an appeal Plaintiff filed with the Appellate Division of the Superior Court of New Jersey from an adverse determination of the Board of Review of the New Jersey Department of Labor (appended as Exhibit C, at Doc No. PA6).

11.     Defendant is a citizen of the State of Delaware, duly organized and validly existing under and in accordance with the laws of Delaware. *See* Ex. B, ¶ 5. Additionally, Defendant's principal place of business is located in Aventura, Florida. *See* Ex. B, ¶ 5.

12.     Complete diversity exists because Plaintiff and Defendant are citizens of different states.  Jurisdiction is therefore proper in this Court under 28 U.S.C. § 1332.

13.     The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00.[1]   Accordingly, jurisdiction exists under 28 U.S.C. §§ 1332(a) and 1441(a).

14.      The Complaint alleges one cause of action under the NJLAD and one cause of action under the Family Medical Leave Act (the "FMLA"). *See* Exhibit A.  Plaintiff did not allege a specific amount in damages in her Complaint.  Although Defendant submits that Plaintiff is not entitled to any recovery, Plaintiff states that Defendant shall: (i) ". . . make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;" (ii) . . . "award[ ] liquidated damages and/or punitive damages. . ."; (iii) ". . . damages for emotional distress and/or pain and suffering. . ."; and (iv) ". . . the costs and expenses of this action and reasonable legal fees. . . ." *See* Exhibit A.

15.     Under a reasonable reading of the Complaint, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

---

[1] Defendant does not concede Plaintiff's allegations are true or that her claims have any merit.

4844-9091-3528.8

16.     In addition, Plaintiff seeks emotional distress damages, which case law suggests alone can reasonably be anticipated to be in excess of the jurisdictional minimum.  *See Clark v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 129380, *11-*12 (D.N.J. Apr. 14, 2009) (noting that damages for pain and suffering "could be great [as] juries are basically unrestricted in their ability to award pain and suffering damages").

17.     Plaintiff also seeks attorneys' fees, which are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]."  *Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, at *16-*17 (D.N.J. Aug. 7, 2009) (citation omitted).  Here, because the LAD provides for the recovery of attorneys' fees to the prevailing employee, such costs should be calculated as part of the amount in controversy requirement.  *See* N.J.S.A § 10:5-27.1.

18.     Plaintiff further seeks punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages."  *See Goralski*, 2009 U.S. Dist. LEXIS 69042 at *15-16; *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

19.     Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.  *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorneys' fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

20.     Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331(a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

<strong><u>VENUE</u></strong>

21.     The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending. *See* 28 U.S.C. §§ 110, 1441(a).

22.     Defendant is filing this Notice of Removal in the United States District Court for the District of New Jersey within 30 days of the date upon which Defendant became aware of the Complaint, consistent with 28 U.S.C. § 1446(b). *See* Ex. B., ¶ 3.  Attached as Exhibit D is a copy of the Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court, the original of which Defendant is promptly filing with the New Jersey Superior Court Clerk, Law Division, Camden County as required by 28 U.S.C. § 1446(d).

<strong><u>NOTICE TO PLAINTIFF</u></strong>

23.     Contemporaneous with the filing of the Notice of Removal, Defendant is serving the Notice of Removal and Notice of Filing of Notice of Removal upon Plaintiff's counsel, Matthew D. Miller, Esq., Swartz Swidler, LLC, 1101 Kings Highway N., Suite 402, Cherry Hill, New Jersey 08034, pursuant to 28 U.S.C. § 1446(a).  Attached hereto as Exhibit E is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

24.     By filing the Notice of Removal, Defendant does not waive any objections it has as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.

Defendant does not intend any admission of fact or law by this Notice and expressly reserves all defenses and motions.

## **RELIEF REQUESTED**

25.     Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: September 3, 2021                         Respectfully submitted,


                                                          */s/ Jedd E. Mendelson*
                                                          **LITTLER MENDELSON, P.C.**
                                                          Jedd E. Mendelson
                                                          David S. Ostern
                                                          *Attorneys for Defendant*
                                                          *Benihana*

# EXHIBIT A

LITTLER MENDELSON P.C.
One Newark Center
8th Floor
Newark, NJ 07102
973.848.4700

4844-9091-3528.8

Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorney for Plaintiff*

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br>         Plaintiff,<br><br>   v.<br><br>  BENIHANA,<br><br>         Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN – LAW DIVISION<br><br>CIVIL ACTION DOCKET NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Jolynne Sunkett (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Benihana ("Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress Defendant's violations of the New Jersey Law Against Discrimination ("NJLAD") and the Family Medical Leave Act ("FMLA"). Plaintiff asserts that Defendant discriminated against her because of her disabilities and/or perceived disabilities by refusing to hire Plaintiff due to same and/or due to her potential need for FMLA leave. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Plaintiff is an adult individual, who worked for Defendant in State of New Jersey.

4.      Defendant is a corporation that does business within the State of New Jersey.

1

5.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff suffers from depression and anxiety (hereinafter referred to as her "Disabilities").

8.      Plaintiff takes medications to treat her Disabilities.

9.      On or around September 2, 2018, Defendant hired Plaintiff as a hostess.

10.      In or around late summer 2019, Defendant hired Manager Joe (last name unknown) (hereinafter "Manager Joe"), whom Plaintiff thereafter reported to.

11.      On or around September 27, 2019, Plaintiff suffered an extreme flare-up of her Disabilities.

12.      On or around October 3, 2019, Plaintiff met with her doctor who changed her medications and recommended she remain out of work until she adjusted to her new dosage.

13.      On or around October 16, 2019, Plaintiff called Manager Joe, informed him of the flare-up of her Disabilities, and requested to meet with him to discuss her schedule.

14.      Thereafter, on or around October 21, 2019, Plaintiff met with Manager Joe who told her that he needed her to start work again as soon as possible and instructed her to complete an application for a hostess position.

15.      Later that day, Plaintiff submitted the application and informed Manager Joe of same.

16.      Manager Joe told Plaintiff he would call her to inform her of her work schedule.

2

17.     On or around October 25, 2019, having not heard from Manager Joe, Plaintiff called and asked him for her work schedule.

18.     Manager Joe told Plaintiff he had decided not to rehire her because of her "issues," which was a reference to her flare-up of her Disabilities.

19.     Accordingly, Defendant refused to re-hire Plaintiff because of her Disabilities.

20.     As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Disability Discrimination)

21.     The foregoing paragraphs are incorporated herein as if set forth in full.

22.     At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

23.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

24.     The NJLAD prohibits employers, such as Defendant, from refusing to hire an individual on the basis of a disability.

25.     At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

26.     Defendant refused to hire Plaintiff, in part, because she suffered from a disability or because Defendant perceived Plaintiff to be suffering from a disability.

27.     Defendant's actions as aforesaid constitute violations of the NJLAD.

28.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the Family Medical Leave Act ("FMLA")
### (Interference)

29.     The foregoing paragraphs are incorporated herein as if set forth in full.

30.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

31.     Plaintiff was employed by Defendant for at least twelve (12) months.

32.     Further, Plaintiff had at least 1,250 hours of service with Defendant within the twelve months prior to Defendant's refusal to hire her.

33.     Defendant is engaged is an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2018 and 2019 within 75 miles of the location where Plaintiff worked for Defendant.

34.     Plaintiff required time off from work because of her Disabilities.

35.     Plaintiff's Disabilities constituted a serious health condition within the meaning of the FMLA.

36.     Had Defendant re-hired Plaintiff, Plaintiff would have been entitled to take leave under the FMLA for a total of twelve (12) weeks, and Defendant was not permitted to interfere with Plaintiff's rights to same.

37.     Defendant interfered with Plaintiff's FMLA rights by refusing to hire Plaintiff to prevent her from taking FMLA-protected leave in the future.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or health conditions;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquated damages are sought under the FMLA);

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F.      Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*s/Matthew Miller*
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 Fax

Dated: March 9, 2021

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**SWARTZ SWIDLER, LLC**


By:      */s/Matthew D. Miller*___
Matthew D. Miller

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the above-captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**SWARTZ SWIDLER, LLC**


By:      */s/Matthew D. Miller*___
Matthew D. Miller

## DESIGNATION OF TRIAL COUNSEL

Matthew D. Miller, of the law firm of Swartz Swidler, is hereby designated trial counsel.


**SWARTZ SWIDLER, LLC**


By:      */s/Matthew D. Miller*
Matthew D. Miller

Dated:  March 9, 2021

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Matthew D. Miller, Esq. | TELEPHONE NUMBER<br>(856) 685-7420 | COUNTY OF VENUE<br>Camden |
|---|---|---|
| FIRM NAME (if applicable)<br>SWARTZ SWIDLER, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>1101 Kings Hwy N Ste 402<br>Cherry Hill, NJ 08034 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ■ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jolynne Sunkett, Plaintiff | CAPTION<br>Jolynne Sunkett v.  Benihana |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>618 | HURRICANE SANDY<br>RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ YES   ■ NO | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ NO | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ YES   ☐ NO | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE     ☐ FRIEND/NEIGHBOR     ☐ OTHER (explain)<br>☐ FAMILIAL                        ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ NO | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:  */s/ Matthew Miller*

## SUMMONS

Attorney(s) _Matthew D. Miller_

Office Address _1101 Kings Highway North Suite 402_

Town, State, Zip Code _Cherry Hill, NJ 08034_

Telephone Number _856-685-7420_

Attorney(s) for Plaintiff _Jolynne Sunkett_

Jolynne Sunkett

Plaintiff(s)

vs.

Benihana

Defendant(s)

# Superior Court of New Jersey

_Camden_ County

_Law_ Division

Docket No: _____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: _03/09/2021_

Name of Defendant to Be Served: _Benihana_

Address of Defendant to Be Served: _5255 Marlton Pike Pennauken, NJ 08109_

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000757-21

**Case Caption:** JOLYNNE SUNKETT  VS BENIHANA

**Case Initiation Date:** 03/15/2021

**Attorney Name:** MATTHEW DENNIS MILLER

**Firm Name:** SWARTZ SWIDLER, LLC

**Address:** 1101 KINGS HIGHWAY NORTH STE 402
CHERRY HILL NJ 08034

**Phone:** 8566857420

**Name of Party:** PLAINTIFF : JOLYNNE, SUNKETT

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: SUNKETT JOLYNNE? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/15/2021

Dated

/s/ MATTHEW DENNIS MILLER

Signed

# EXHIBIT B

LITTLER MENDELSON P.C.
One Newark Center
8th Floor
Newark, NJ  07102
973.848.4700

4844-9091-3528.8

9

**LITTLER MENDELSON, P.C.**
Jedd E. Mendelson, Esq. (N.J. Bar No. 038131993)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: jmendelson@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Benihana*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br>              Plaintiff,<br><br>        v.<br><br>BENIHANA,<br>              Defendant. | Civil Action No. 1:21-cv-16513<br><br>**DECLARATION OF**<br>**JEDD E. MENDELSON, ESQ.**<br>**IN SUPPORT OF DEFENDANT'S**<br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**JEDD MENDELSON** hereby declares as follows:

1.      I am an attorney with the law firm of Littler Mendelson, P.C., counsel for Defendant Benihana National Corp. ("Defendant") (improperly pled as "Benihana") in the above-captioned action and a law firm that Defendant regularly utilizes in connection with employment lawsuits in several states, including New Jersey.  I submit this Declaration in support of Defendant's Notice of Removal.

2.      Defendant first became aware of Plaintiff's Complaint in an action filed in the Superior Court of New Jersey, Law Division, Camden County bearing Docket No. CAM-L-000757-21 ("State Court Action") on August 20, 2021.  A copy of the Complaint filed in the State Court Action is appended as Exhibit 1.  On August 20, 2021, Defendant forwarded to me a Notification of Default (appended as Exhibit 2).  Upon receipt, that same day, I searched on the

1

New Jersey state court electronic docket with the case number on the Notice of Default, located the Complaint, and forwarded those documents to Benihana's headquarters office.

3.      On August 20, 2021, I reviewed emails from Defendant that indicate that the Notice of Default was left at its Cherry Hill, New Jersey restaurant located at 5255 Marlton Pike, Pennsauken, New Jersey 08109 (the "Cherry Hill location") after 2 pm that day.  The Cherry Hill location emailed a copy of the Notice of Default to an executive at Defendant's headquarters office that afternoon.  Defendant's headquarters office immediately emailed a copy of the Notice of Default to me based upon my previous service as Defendant's outside counsel in other New Jersey cases.  Although I believe these representations about receipt of the Notice of Default and its transmission within Defendant and to me thereafter, based upon my review of emails, are sufficient for purposes of this Notice of Removal, I can secure one or more sworn statements from Defendant personnel should Plaintiff's counsel or this Court deem such necessary.  It does not seem to me that such sworn statements are necessary since the Notice of Default is dated August 12, 2021, Plaintiff could not have left it at the Cherry Hill location before then, and Defendant is removing the State Court Action fewer than 30 days after the issuance of the Notice of Default, let alone Plaintiff arranging to have it left at the Cherry Hill location on August 20, 2021.

4.      As noted in ¶ 2, after forwarding the Complaint to Defendant's headquarters office, I examined other documents filed in the State Court Action on the state court docket.  One of those documents is an Affidavit of Service (appended as Exhibit 3).  Although Exhibit 3 indicates the Complaint was left at the Cherry Hill location in April 2021, so far as Defendant knows the Complaint was **never** given to, received by, came into the custody or possession of, or otherwise came to the knowledge of any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of Defendant until I

secured a copy of it from the state court docket and forwarded it to Defendant's headquarters office

on August 20, 2021.  I make this representation based upon my communications with members of

Defendant's executive team and its General Counsel.  Defendant is ready and able to secure and

submit sworn statements from such persons should Plaintiff move to remand or the Court expresses

the view that such submissions are necessary.

5.     I have examined documents that Defendant has previously provided to this law firm

and further represent to this Court that Defendant, which is the entity that owns and operates the

Cherry Hill location, is incorporated in Delaware and has its principal place of business at 21500

Biscayne Blvd., Suite 900, Aventura, Florida 33180.  Upon  this action proceeding in this Court,

Defendant's intention is to conduct discovery and, in the event it is  appropriate, file a dispositive

motion.  Defendant appreciates that because the Complaint was not properly served, several

months have lapsed following its filing in state court.  As a result, Defendant is amenable to

advancing discovery with expedition should Plaintiff choose to so proceed.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_/s/ Jedd Mendelson_____
Jedd Mendelson

Dated:  September 3, 2021
         Newark, New Jersey

4843-9393-3816.9

3

# EXHIBIT 1

Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorney for Plaintiff*

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br><br>Plaintiff,<br><br>v.<br><br>BENIHANA,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN – LAW DIVISION<br><br>CIVIL ACTION DOCKET NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Jolynne Sunkett (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Benihana ("Defendant").

## INTRODUCTION

1.     Plaintiff has initiated this action to redress Defendant's violations of the New Jersey Law Against Discrimination ("NJLAD") and the Family Medical Leave Act ("FMLA"). Plaintiff asserts that Defendant discriminated against her because of her disabilities and/or perceived disabilities by refusing to hire Plaintiff due to same and/or due to her potential need for FMLA leave. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

## PARTIES

2.     The foregoing paragraphs are incorporated herein as if set forth in full.

3.     Plaintiff is an adult individual, who worked for Defendant in State of New Jersey.

4.     Defendant is a corporation that does business within the State of New Jersey.

1

5.     At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Plaintiff suffers from depression and anxiety (hereinafter referred to as her "Disabilities").

8.     Plaintiff takes medications to treat her Disabilities.

9.     On or around September 2, 2018, Defendant hired Plaintiff as a hostess.

10.     In or around late summer 2019, Defendant hired Manager Joe (last name unknown) (hereinafter "Manager Joe"), whom Plaintiff thereafter reported to.

11.     On or around September 27, 2019, Plaintiff suffered an extreme flare-up of her Disabilities.

12.     On or around October 3, 2019, Plaintiff met with her doctor who changed her medications and recommended she remain out of work until she adjusted to her new dosage.

13.     On or around October 16, 2019, Plaintiff called Manager Joe, informed him of the flare-up of her Disabilities, and requested to meet with him to discuss her schedule.

14.     Thereafter, on or around October 21, 2019, Plaintiff met with Manager Joe who told her that he needed her to start work again as soon as possible and instructed her to complete an application for a hostess position.

15.     Later that day, Plaintiff submitted the application and informed Manager Joe of same.

16.     Manager Joe told Plaintiff he would call her to inform her of her work schedule.

17.     On or around October 25, 2019, having not heard from Manager Joe, Plaintiff called and asked him for her work schedule.

18.     Manager Joe told Plaintiff he had decided not to rehire her because of her "issues," which was a reference to her flare-up of her Disabilities.

19.     Accordingly, Defendant refused to re-hire Plaintiff because of her Disabilities.

20.     As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Disability Discrimination)

21.     The foregoing paragraphs are incorporated herein as if set forth in full.

22.     At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

23.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

24.     The NJLAD prohibits employers, such as Defendant, from refusing to hire an individual on the basis of a disability.

25.     At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

26.     Defendant refused to hire Plaintiff, in part, because she suffered from a disability or because Defendant perceived Plaintiff to be suffering from a disability.

27.     Defendant's actions as aforesaid constitute violations of the NJLAD.

28.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the Family Medical Leave Act ("FMLA")
### (Interference)

3

29.     The foregoing paragraphs are incorporated herein as if set forth in full.

30.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

31.     Plaintiff was employed by Defendant for at least twelve (12) months.

32.     Further, Plaintiff had at least 1,250 hours of service with Defendant within the twelve months prior to Defendant's refusal to hire her.

33.     Defendant is engaged is an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2018 and 2019 within 75 miles of the location where Plaintiff worked for Defendant.

34.     Plaintiff required time off from work because of her Disabilities.

35.     Plaintiff's Disabilities constituted a serious health condition within the meaning of the FMLA.

36.     Had Defendant re-hired Plaintiff, Plaintiff would have been entitled to take leave under the FMLA for a total of twelve (12) weeks, and Defendant was not permitted to interfere with Plaintiff's rights to same.

37.     Defendant interfered with Plaintiff's FMLA rights by refusing to hire Plaintiff to prevent her from taking FMLA-protected leave in the future.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or health conditions;

4

B.       Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.       Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquated damages are sought under the FMLA);

D.       Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F.       Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

_s/Matthew Miller_
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 Fax

Dated: March 9, 2021

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**SWARTZ SWIDLER, LLC**


By:     /s/Matthew D. Miller
        Matthew D. Miller

**RULE 4:5-1 CERTIFICATION**

1.      I am licensed to practice law in New Jersey and am responsible for the above-captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**SWARTZ SWIDLER, LLC**


By:     /s/Matthew D. Miller
        Matthew D. Miller

**DESIGNATION OF TRIAL COUNSEL**

Matthew D. Miller, of the law firm of Swartz Swidler, is hereby designated trial counsel.

**SWARTZ SWIDLER, LLC**


By:     /s/Matthew D. Miller
        Matthew D. Miller

Dated:  March 9, 2021

**Appendix XII-B1**

| | **CIVIL CASE INFORMATION STATEMENT (CIS)** | **FOR USE BY CLERK'S OFFICE ONLY** |
|---|---|---|
| | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | Use for initial Law Division | CHG/CK NO. |
| | Civil Part pleadings (not motions) under *Rule* 4:5-1 | AMOUNT: |
| | **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Matthew D. Miller, Esq. | (856) 685-7420 | Camden |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| SWARTZ SWIDLER, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1101 Kings Hwy N Ste 402 Cherry Hill, NJ 08034 | Complaint |
| | JURY DEMAND   ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Jolynne Sunkett, Plaintiff | Jolynne Sunkett v.  Benihana |

| CASE TYPE NUMBER (See reverse side for listing) 618 | HURRICANE SANDY RELATED? ☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES   ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE   ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES   ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No |
|---|

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:   */s/ Matthew Miller*

## SUMMONS

Attorney(s) _Matthew D. Miller_

Office Address _1101 Kings Highway North Suite 402_

Town, State, Zip Code _Cherry Hill, NJ 08034_

Telephone Number _856-685-7420_

Attorney(s) for Plaintiff _Jolynne Sunkett_

Jolynne Sunkett

_____

Plaintiff(s)

vs.

Benihana

_____

Defendant(s)

# Superior Court of New Jersey

Camden_____ County

Law_____ Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: _03/09/2021_

Name of Defendant to Be Served: _Benihana_

Address of Defendant to Be Served: _5255 Marlton Pike Pennauken, NJ 08109_

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000757-21

**Case Caption:** JOLYNNE SUNKETT  VS BENIHANA

**Case Initiation Date:** 03/15/2021

**Attorney Name:** MATTHEW DENNIS MILLER

**Firm Name:** SWARTZ SWIDLER, LLC

**Address:** 1101 KINGS HIGHWAY NORTH STE 402
CHERRY HILL NJ 08034

**Phone:** 8566857420

**Name of Party:** PLAINTIFF : JOLYNNE, SUNKETT

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: SUNKETT JOLYNNE?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/15/2021
Dated

/s/ MATTHEW DENNIS MILLER
Signed

# EXHIBIT 2

8/16/2021                    Swartz Swidler, LLC Mail - NJ eCourts Defaulted Parties Notification - Civil Part CAM-L-000757-21

                                    Donna DeCicco <donna@swartz-legal.com>

# NJ eCourts Defaulted Parties Notification - Civil Part CAM-L-000757-21

1 message

**eCourtsCivilDoNotReply.mailbox@njcourts.gov**          Thu, Aug 12, 2021 at
<eCourtsCivilDoNotReply.mailbox@njcourts.gov>                         7:00 PM
To: MMILLER@swartz-legal.com, DKIM@swartz-legal.com, DONNA@swartz-legal.com

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following was filed by on 08/12/2021:

| | |
|---|---|
| Plaintiff Name | SUNKETT JOLYNNE |
| Defendant Name: | BENIHANA |
| Case Caption: | JOLYNNE SUNKETT VS BENIHANA |
| Case Number: | CAM L 000757-21 |
| Docket Text: | Default has been entered against the following party/parties: BENIHANA |
| Transaction ID: | LCV20211881149 |

**Notice has been electronically mailed to:**

Plaintiff Attorney   MATTHEW DENNIS      MMILLER@SWARTZ-
                     MILLER              LEGAL.COMDKIM@SWARTZ-
                                         LEGAL.COMDONNA@SWARTZ-
                                         LEGAL.COM

**Notice was not electronically mailed to:**

Defendant    BENIHANA  NJ
                       00000

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the
submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of
venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please
do not reply to this message.

# EXHIBIT 3

| | | |
|---|---|---|
| JOLYNNE SUNKETT | Plaintiff | Superior Court of New Jersey |
| vs. | | Law Division |
| BENIHANA | Defendant | Camden County |
| | | Docket Number: CAM-L-0757-21 |

**Person to be served** (Name & Address):
BENIHANA
5255 MARLTON PIKE
PENNSAUKEN, NJ 08109

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
SWARTZ SWIDLER, LLC
1101 Kings Hwy North
Ste 402
Cherry Hill, NJ 08034

**Papers Served:**  SUMMONS AND COMPLAINT, TAN, DISCOVERY REQUESTS

**Service Data:**

Served Successfully __**X**__   Not Served_____   Date: _4/14/2021_   Time: _11:03 am_   Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___**X**____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_JOE DELEO_____

_GENERAL MANAGER/AUTHORIZED_____

**Description of Person Accepting Service:**

Sex: _M___   Age: _50+_   Height: _5'10_   Weight: _200_   Skin Color: _WHITE_____   Hair Color: _BROWN_____

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
_____Date _____Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 16th day of April, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

```
CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024
```

I, Ronald Brown, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   4/16/21
Signature of Process Server         Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2021003134
Ref: SUNKETT/BENIHANA

# SUMMONS

Attorney(s) __Matthew D. Miller__

Office Address __1101 Kings Highway North Suite 402__

Town, State, Zip Code __Cherry Hill, NJ 08034__

Telephone Number __856-685-7420__

Attorney(s) for Plaintiff __Jolynne Sunkett__

__Jolynne Sunkett__

_____

Plaintiff(s)

vs.

__Benihana__

_____

Defendant(s)

### Superior Court of New Jersey

Camden _____ County

Law _____ Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith

_____
Clerk of the Superior Court

DATED: __03/09/2021__

Name of Defendant to Be Served: __Benihana__

Address of Defendant to Be Served: __5255 Marlton Pike Pennauken, NJ 08109__

# EXHIBIT C

LITTLER MENDELSON P.C.
One Newark Center
8th Floor
Newark, NJ 07102
973.848.4700

4844-9091-3528.8

10



*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 10, 2021

Joseph H. Orlando, Clerk
Superior Court of New Jersey
Appellate Division
25 Market Street
P.O. Box 006
Trenton, NJ  08625-0006

    Re: Jolynne Sunkett v. Board of Review and Benihana
       National Corporation
       Docket No. A-003540-19T1

Dear Mr. Orlando:

    Enclosed please find an original and five (5) copies of a
Letter Brief and Appendix and a Certification of Service in the above-
captioned matter on behalf of Respondent, Board of Review.  Please
return one stamped copy to me in the enclosed envelope.  Thank you.

    Sincerely yours,

    GURBIR S. GREWAL
    ATTORNEY GENERAL OF NEW JERSEY

    By: _____
    Kendall J. Collins
    Deputy Attorney General
    Attorney ID No. 017721997

KJC:svg
enclosure
c Jolynne Sunkett, *pro se* (sent via overnight mail)
 Benihana National Corporation (sent via overnight mail)





*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 10, 2021

Joseph H. Orlando, Clerk
Superior Court of New Jersey
Appellate Division
25 Market Street
P.O. Box 006
Trenton, New Jersey 08625

        Re:  Jolynne Sunkett v. Board of Review and
             Benihana National Corp.
             Docket No. A-003540-19T1

             Civil Action:  On Appeal From a Final
             Decision of the Board of Review Denying
             Unemployment Benefits

             Letter Brief on Behalf of Respondent
             Board of Review

Dear Mr. Orlando:

    Please accept this Letter Brief and Appendix pursuant to R.

2:6-2(b) on behalf of Respondent, Board of Review.



HUGHES JUSTICE COMPLEX  •  TELEPHONE: (609) 376-2960  •  FAX: (609) 633-8702
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

### TABLE OF CONTENTS

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

COUNTERSTATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT

       THE BOARD OF REVIEW'S DECISION SHOULD BE AFFIRMED
       BECAUSE IT CORRECTLY DETERMINED THAT SUNKETT WAS
       DISQUALIFIED FOR BENEFITS UNDER N.J.S.A. 43:21-
       5(a) BECAUSE SHE LEFT WORK VOLUNTARILTY WITHOUT
       GOOD CAUSE ATTRIBUTABLE TO THE WORK . . . . . . . . . . . . . . . . . 7


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

### APPENDIX

Appeal Tribunal Decision, mailed January 17, 2002 . . . . . . . . . . . Ra1

Claimant's letter to Board of Review dated December 18,
2109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Ra5

Claimant's letter to Board of Review dated January 28,
2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Ra6

Claimant's letter to Board of Review dated March 5, 2020 . . . . Ra7

Notice of Motion filed with Superior Court of New Jersey,
Appellate Division on May 11, 2020 . . . . . . . . . . . . . . . . . . . . . . . . Ra8

PROCEDURAL HISTORY

Appellant Jolynne Sunkett filed a claim for unemployment benefits on October 20, 2019, relating to the termination of her employment from Benihana National Corp. ("Benihana" or "employer"). (Pa18; Ra1)[1]. In a notice dated November 18, 2019, a Deputy of the Division of Unemployment Benefits denied Sunkett's claim on the grounds that she left work voluntarily and without good cause attributable to the work. Ibid. By letter dated December 18, 2019, Sunkett filed an appeal of that determination to the Appeal Tribunal. (Pa18; Ra1; Ra5). In that letter, Sunkett claimed that she had not abandoned her position but instead had failed to report to work due to a medical emergency. (Ra5). She also claimed that once her medical emergency was addressed, her supervisor approved her to return to work, but then released her for an "unjust cause" that had nothing to do with job abandonment or her job duties. Ibid.

The Appeal Tribunal ("Tribunal") conducted a telephone hearing on January 16, 2020, at which Sunkett testified as to the

---

[1] "Pa" refers to Appellant's Appendix. "Ra" refers to the Board's Appendix, which is being filed because certain documents were missing or incomplete in Appellant's Appendix. "T" refers to the transcript of the January 16, 2020, Appeal Tribunal hearing which was also included in Petitioner's Appendix as Pa3-17. References to the transcript are cited to both Petitioner's Appendix the transcript page number.

circumstances of her termination from employment.    (Pa3-17; T1-14).    Benihana did not participate in the hearing.  <u>Ibid</u>.

In a decision mailed January 17, 2020, the Tribunal held that Sunkett had filed a timely appeal with good cause shown pursuant to N.J.S.A. 43:21-6(b)(1).  (Ra2).  The Tribunal found that Sunkett left work voluntarily without good cause attributable to the work and that she had abandoned her position.  <u>Ibid</u>.  Specifically, the Tribunal determined that Sunkett failed to report to work on September 27, 2019 and then did not contact her employer or have anyone else contact her employer to explain her whereabouts until October 16, 2019.  (Pa18; Ra1-2).  The Tribunal also found that Sunkett did not present her employer with any unequivocal medical documentation to show that the work caused or aggravated her medical condition.  (Ra2).  Hence, the Tribunal determined that Sunkett was not eligible for unemployment benefits under N.J.S.A. 43:21-5(a) in that she had voluntarily resigned from her position for personal reasons that were unrelated to the work itself and that she had abandoned her position.  <u>Ibid</u>.

On January 29, 2020, Sunkett appealed the Tribunal's decision to the Board of Review ("Board").  (Ra6).  On February 20, 2020, the Board affirmed the decision of the Tribunal.  (Pa19).  By letter received by the Tribunal on March 6, 2020, Sunkett sought reconsideration of the Board's February 20, 2020 Decision.  (Ra7).  On April 14, 2020, Sunkett filed a Notice of Appeal of the Board's

February 20, 2020 decision.  (Pa20).  On May 11, 2020, Sunkett filed a motion in the Appellate Division requesting that her appeal be considered as timely filed. (Ra8).  By decision mailed on May 26, 2020, the Board denied Sunkett's request for reconsideration. (Pa24).  On July 9, 2020, the Appellate Division issued an Order granting Sunkett's motion to file a Notice of Appeal as Within Time.  (Pa27).


<u>COUNTERSTATEMENT OF FACTS</u>

Sunkett was employed by Benihana as a host beginning on or about September 2018.  (Pa10; T7; Pa18; Ra1).  Sunkett's last day of work was September 26, 2019.  (Pa11; T8; Pa18; Ra1-2).  Sunkett failed to report to work the next day as scheduled because she suffered what she described as a "nervous break" or a "mental breakdown" on that date.  (Pa11; T8; Pa13; T10; Pa18; Ra1-2).  She did not request or obtain approval from her employer to go out on medical leave.  (Pa12; T9).  She testified that she went to the hospital on September 27, 2019, and went to see her psychiatrist on October 3, 2019, after she had already been out of work without contacting her employer for several days.  <u>Ibid</u>.

Sunkett did not contact her employer between September 27, 2019 and October 16, 2019 nor did she have anyone contact her employer on her behalf to explain her absence from work.  During her testimony before the Appeal Tribunal, she conceded that she

had family members and friends who could have contacted the employer on her behalf. (Pa13-14; T10-11; Pa18; Ra1-2).

On October 16, 2019, nineteen (19) days after she failed to report to work, Sunkett finally contacted her employer, who told her to return to the workplace on October 21, 2019 to discuss her situation. (Pa11; T8; Pa14; T11; Pa18; Ra1). On that date, Sunkett met with her supervisor who informed her that he had terminated her for job abandonment. Ibid. At that same meeting, Sunkett submitted medical documentation to her supervisor. (Pa11; T8: Pa14; T11; Pa15; T12; Pa30). That documentation, in the form of a letter from her mental health clinician, indicated that Sunkett came to their office on August 23, 2019 and reported having a mental breakdown. (Pa30). She was eventually seen in the office on October 3, 2019. Ibid. The letter did not indicate that Sunkett's medical condition had been caused by or aggravated by her work. Ibid. Sunkett's supervisor agreed to allow her to complete a new job application so that she could be considered for re-hire. (Pa14-15; T11-12; Pa18; Ra1).

Sunkett did not return to work on October 22, 2019, because when she called her employer on that date to find out what time she was to report to work, her supervisor was off that day. (Pa12; T9). Sunkett spoke with her supervisor on October 24, 2019, at which time the supervisor told her that he decided that he did not want her to come back to work. Ibid. According to Sunkett, the

supervisor explained that on the day of their meeting on October 21, 2019, he had to "comp a couple of customers" who complained that Sunkett had "walked behind the sushi bar and gave the sushi chef a hug", which the supervisor could not tolerate. (Pa11-12; T8-9). So Sunkett never actually returned to work after failing to report to work on September 27, 2019. (Pa11-12; T8-9; Pa18; Ra1-2).

<u>ARGUMENT</u>

> THE BOARD OF REVIEW'S DECISION SHOULD BE AFFIRMED BECAUSE IT CORRECTLY DETERMINED THAT SUNKETT WAS DISQUALIFIED FOR BENEFITS UNDER N.J.S.A. 43:21-5(a) BECAUSE SHE LEFT WORK VOLUNTARILY WITHOUT GOOD CAUSE ATTRIBUTABLE TO THE WORK. _____

The Board's determination that Sunkett left work voluntarily without good cause attributable to the work within the meaning of N.J.S.A. 43:21-5(a), thus disqualifying her from unemployment benefits, was supported by substantial evidence in the record and should therefore be affirmed.

N.J.S.A. 43:21-5(a) of the New Jersey Unemployment Compensation Law provides in pertinent part that an individual shall be disqualified for benefits:

> For the week in which the individual has left work voluntarily <u>without good cause attributable to such work</u>, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment…and has earned at least ten times the individual's weekly benefit rate. . .

(emphasis added).

The claimant bears the burden of proof to establish her right to unemployment compensation.  Brady v. Bd. of Review, 152 N.J. 197, 218 (1997).  When an employee leaves work voluntarily, she bears the burden to prove she did so with good cause attributable to work.  Brady v. Bd. of Review, 152 N.J. at 218; Stauhs v. Bd. Of Review, Div. of Employ. Sec., 93 N.J. Super. 451, 451 (App. Div. 1967); Morgan v. Bd. of Review, Div. of Employ. Sec., 77 N.J. Super. 209, 213 (App. Div. 1962).  And "while the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Labor and Industry Dept. Review Bd., 192 N.J. Super. 284, 287 (App. Div. 1983.)  Under N.J.A.C. 12:17-9.1(b), "[G]ood cause attributable to such work means a reason directly related to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."  It is the employee's responsibility to do what is necessary and reasonable in order to remain employed.  Zielinski v. Board of Review, 85 N.J. Super. 46, 53-54 (App. Div. 1964); Domenico v. Labor and Industry Dept. Review Bd., 192 N.J. Super at 288.

Good cause may be found if a claimant leaves work for a medical condition that is attributable to work.  To meet this burden, the claimant must show, through a medical certification,

that she left work because of a disability that has a work-connected origin or that is aggravated by working conditions, and that there is no other suitable work that she could have performed within the limits of her disability.  N.J.A.C. 12:17-9.3(a) and (b); Israel v. Bally's Park Place, 283 N.J. Super. 1, 6 (App. Div. 1995)(claimant must show that "the environment at her job aggravated her illness or will impair her continued recovery"); Wojcik v. Bd. of Review, 58 N.J. 341, 344 (1971); Stauhs, 93 N.J. Super. at 458.  And an individual who is absent from work due to a medical condition that is not attributable to the work may still be eligible for benefits upon a showing that "she made a reasonable effort to preserve . . . her employment, but has still been terminated by the employer."  N.J.A.C. 12:17-9.3(c).  "Reasonable effort" will be found "by the employee's notification to the employer, requesting a leave of absence or having taken other steps to protect his or her employment."  Ibid.

As the Board found, none of those exceptions apply here. Sunkett did not submit any medical certification to her employer until she met with her supervisor on October 21, 2019. (Pa11; T8; Pa14; T11; Pa18; Ra1).  Plus, even that documentation does not show that her medical condition had a work-connected origin, or that it was aggravated by her working conditions.  (Pa30).  While Sunkett alleges in her brief that she "worked under 3 General Managers and a host of supervisors" who were aware of her

condition, her testimony before the Appeal Tribunal does not
support her contention that she ever informed her employer of her
medical condition before October 21, 2019. (Pa11; T8; Pa14; T11;
Pa18; Ra1)(Pb2).

And Sunkett failed to notify her employer of the reason for
her absence from work, to request a leave of absence, or to take
any other steps to preserve her employment despite the fact that
she had friends and family members who could have done so on her
behalf.  (Pa13-14; T10-11; Pa18; Ra1-2).  In short, Sunkett did
not show that she made reasonable efforts to remain employed, as
she "left work at a time when [her] employer had work for [her],"
and she did not "do what was necessary and reasonable in order to
remain employed." Zielenski, 85 N.J. Super. at 53-54.  In fact,
the record demonstrates that Sunkett did not do anything whatsoever
to preserve her employment from the time she failed to show up for
work on September 27, 2019, until she contacted her supervisor on
October 16, 2019.  (Pa14; T11; Ra1).  Based on these undisputed
facts in the record, the Board correctly determined that Sunkett
left work without good cause attributable to such work, and so was
ineligible for unemployment benefits under N.J.S.A. 43:21-5(a).

The judicial capacity to review administrative agency
decisions is limited.  Brady, 152 N.J. at 210; Public Serv. Elec.
v. N.J. Dep't. of Envtl. Protec., 101 N.J. 95, 103 (1985).
Moreover, "[i]n reviewing the factual findings made in an

unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the fact finder could reasonably so conclude upon the proofs." Brady, 152 N.J. at 210.  If the Board's factual findings are supported by "sufficient credible evidence, courts are obliged to accept them." Id.; Self, 91 N.J. at 459.  Unless a court finds that the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed.  In re Warren, 117 N.J. 295, 296 (1989).

Here, the Board of Review's decision finding Sunkett disqualified for unemployment benefits under N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.11 is correct, wholly in accord with governing statutes and case law, and is amply supported by credible evidence in the record.  This Court should thus affirm the Board's decision.

CONCLUSION

For all of the foregoing reasons, the Board's decision should be affirmed.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: _____

Kendall J. Collins
Deputy Attorney General
Kendall.Collins@law.njoag.gov
NJ Attorney ID 017721997

Donna Arons
Assistant Attorney General
  Of Counsel

c:   Jolynne Sunkett
     Benihana Nat'l Corp.

# RESPONDENT'S APPENDIX (Ra1-Ra8)



**Appeal Tribunal**
PO Box 936
Trenton, NJ 08625-0936

JOLYNNE SUNKETT
1468 KAIGHN AVE
CAMDEN, NJ 08103



**Docket #:** DKT00201135
**Date of Claim:** 10/20/2019
**Date of Appeal:** 12/18/2019
**PC : 10**
**Appellant:** Claimant
**Mailing Date:** 01/17/2020

## Decision of the Appeal Tribunal

IN THE MATTER OF:  JOLYNNE SUNKETT

**EMPLOYER: BENIHANA NATIONAL CORP**

The claimant appealed on 12/18/19 from a determination of the Deputy, mailed on 11/18/19, imposing a disqualification for benefits from 09/22/19 on the ground that the claimant left work voluntarily without good cause attributable to the work.

The claimant participated in a duly scheduled telephone hearing on 01/16/2020.

**FINDINGS OF FACT:**

The claimant worked for the above-named employer as a host from 09/2018 through 09/26/19, when the claimant left the work voluntarily.

The claimant had a nervous breakdown on 09/27/19. On 10/16/19 the claimant returned to the job and gave the employer a letter that she had started treatment with her doctor as of 10/03/19. The claimant did not have contact with the employer and did not have anyone contact the employer on her behalf while she was out of work because she was not thinking right mentally. The claimant went to the job on 10/21/19 to talk with the employer and she was advised that she had been terminated from job due to job abandonment. The employer considered taking the claimant back to work but then declined the offer.

The Deputy mailed a determination to the appellant's address of record on 11/18/19. The claimant did not receive the determination. The claimant contacted the unemployment call center to check on her benefits and was advised she was disqualified for benefits and to file an appeal. The claimant filed an appeal on 12/18/19.

**OPINION:**

Ral

N.J.S.A. 43:21-6(b)(1) provides that an appeal must be filed within ten (10) days of the mailing of the determination, or within seven (7) days of the receipt of the determination.

In this matter, as the claimant did not receive the determination of the Deputy, the appeal was filed late with good cause in accordance with N.J.S.A. 43:21-6(b)(1).

N.J.S.A. 43:21-5. An individual shall be disqualified for benefits:

(a) For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes re-employed and works eight weeks in employment, which may include employment for the federal government, and has earned in employment at least ten times the individual's weekly benefit rate, as determined in each case. This subsection shall apply to any individual seeking unemployment benefits on the basis of employment in the production and harvesting of agricultural crops, including any individual who was employed in the production and harvesting of agricultural crops on a contract basis and who has refused an offer of continuing work with that employer following the completion of the minimum period of work required to fulfill the contract.

N.J.A.C. 12:17-9.11   Job abandonment

(a) An employee who is absent from work for five or more consecutive work days and who without good cause fails to notify the employer of the reasons for his or her absence shall be considered to have abandoned his or her employment. Such job abandonment shall subject the employee to disqualification for benefits for voluntarily leaving work without good cause attributable to such work. For purposes of this section good cause means any situation over which the claimant did not have control and which was compelling as to prevent the employee from notifying the employer of the absence.

In this matter, although the claimant contends that the employer hired her back and rescinded the offer, it does not negate the fact that the claimant was out of work for a period of time and the employer was not aware of her whereabouts due to an illness and the claimant did not have anyone contact the employer to report that she was ill. The claimant also did not present the employer with any unequivocal medical documentation to show that the work caused or aggravated her medical condition. Here, the claimant is considered to have abandoned her job, under N.J.A.C. 12:17-9.11(a), when she failed to report for work after 09/27/19. Furthermore, the claimant's job separation is considered to be a voluntary resignation for personal reasons and is unrelated to the work itself. Therefore, the claimant left work voluntarily without good cause attributable to the work and is disqualified for benefits as of 09/22/19, in accordance with N.J.S.A. 43:21-5(a).

**DECISION:**

The appeal was filed late with good cause in accordance with N.J.S.A. 43:21-6(b)(1).

The claimant left work voluntarily without good cause attributable to the work and is disqualified for benefits as of 09/22/19, in accordance with N.J.S.A. 43:21-5(a).

The determination of the Deputy is affirmed.

Ra 2

/s/ Darcel France
**APPEALS EXAMINER**

UA

Ra3

# APPEAL RIGHTS

<u>IMPORTANT:</u> This decision will become final, unless, within  twenty (20) days of the date of mailing or notification, a written appeal is filed with the Board of Review, Department of Labor, Labor Building, PO Box 937, Trenton, New Jersey 08625-0937. If the last day allowed for the appeal occurs on a Saturday, Sunday or legal holiday, the appeal will be accepted if received or postmarked on the next business day. The appeal period will be extended if good cause for late filing is shown. Good cause exists in situations where it can be shown that the delay was due to circumstances beyond the control of the appellant, which could not have been reasonably foreseen or prevented. Please specify the reason for your appeal, and if possible, attach a copy of this decision. Please take notice that in the event that any party files a timely appeal to the Board of Review from <u>this</u> decision of the Appeal Tribunal, the Board hereby exercises its authority pursuant to <u>N.J.S.A.</u> 43:21-6(e) to take jurisdiction over any and all issues arising from the Appeal Tribunal decision regarding the determination(s) of the Deputy/Director. While unemployed and claiming benefits, the claimant must report as instructed by the Division.

IMPORTANTE:  Esta decisión será final,  amenos que dentro de veinte días a partir de la fecha en cual esta decisión fue enviada o notificación dada, una apelación en escrito es recibida por la Junta de Repaso, Departamento de Labor, Edificio de Labor, PO Box 937, Trenton, New Jersey, 08625-0937.  Si el último día autorizado en su apelación fuera ser un sábado, domingo o día de fiesta, su apelación será aceptada si la estampilla está marcada con el próximo día laboral.  El periodo de apelación solo puede ser extendido por  buena causa.  Buena causa existe en situaciones en donde puede ser comprobado que la demora en apelar su decisión fue causada por circunstancias fuera de su control, en la cual es razonable asumir que no era posible de anticipar o prevenir tal circunstancia.  Favor de incluir  su razón por la cual está apelando, y si es posible, adjunte una copia de esta decisión.  Favor de reconocer que en el evento que cualquier partido someta una apelación a tiempo a la Junta de Repaso de la decisión del Tribunal de Apelaciones, la Junta reserva el derecho según la autoridad dada por las leyes de  NJSA 43:21-6(e) en mantener jurisdicción sobre cualquier y todo motivos debidas por la decisión del Tribunal de Apelaciones hechas por el Diputado o Director.  Mientras esté desempleado y reclamando beneficios, el reclamante tiene que reportarse según las instrucciones que reciba de la División.

Ra4

12·18·19

To Whom it May Concern;

My Name is Jolynae Sunkett
_____ I'm writting to appeal
my unemployment Claim; at
Benihana; Here is proof of a
letter stating my un Accused
absence. I did not and never
abandon This job or any Jobs
duties, I had a Medical
Emergancy, that was addressed
Appropriately, and my Boss
Approved me to return to work
2 days later I was released
from my duties for a unjust
Cause that had Nothing to due
with my job abandonment on
Job duties,

Thank You
Mrs, Jolynae Su[...]
856-4[..]-9[.]09

Ra5

D1 1/17 france
01-28-20 201135

TRIBUNA

2020 JAN 29 A

AT DEC. MAILED: 1-17-20
BR APPEAL FILED: 1-29-20
REFUND: Y_____ N_____
BR DOCKET 201135

TO: Board of Review,

Hi, My name is Jolynne Sunkett I was a current Emplojee at Benihana I writing my 2nd Appeal Rights. On Why I didn't adondn my Job, The law give two reason for Abandonment in which I fall under that Guidelines: But in Good Causes, a Mental breakdown in which many of my previous Managers and Supervisors was aware of my Condition before this occurred but at this time was no longer apart of the company; I tried to seek service but was not able to obtain immediate attention in which caused me to have a mental breakdown. My New Supervisor was not fully aware of all the details I was still able to fulfill my dusty until 9/27/19 I just broke down I Was not able to properly function mental until I was prescribed my Medication and it took affect which then I contact My Boss! which is fell under good Cause due to urgent Mental Emergency. I provide evidence to explain my short term disapperance, I Never Abandon a Job and Never will. After all of this My Boss Rehire me. Then I Made a Mistake at the Job upon rehire and Was terminated....

Ra6

03-05-20 (3rd)
01-28-20 (2nd)
201135
BOR
Recd

2020 MAR -6

TO: Board of Review,

Hi, My name is Jolynne Junkett I was a current employee at Benihana I writing my 2nd Appeal Rights. On Why I didn't adondn my Job, The law give two reason for Abandonment in which I fall under that Guidelines: But in Good Causes, a Mental breakdown in which many of my previous Managers and Superviors was aware of my Condition before this occurred but at this time was no longer apart of the Company; I tried to seek service but was not able to obtain immediate attention: in which caused me to have a mental breakdown. My New Supervior was not fully aware of all the details: I was still able to fulfill my dusty until 9/27/19. I just broke down I was not able to properly function mental until I was prescribed my Medication and it took affect Which then I contact My Boss! Which is fell under good Cause due to Urgent Mental Emergercy. I provide evidence to explain my short term disapperance, I Never Abandon a Job and Never Will: After all of this My Boss Rehire Me: Then I Made a Mistake on the Job upon rehire and Was terminated....

Ra7

 -3540-19 TI

(1) Jolynne Sunkett
(Your Name)

1468 Kaighn ave.
(Address)

Camden N.J. 08103

856-443-9109
(Telephone Number and e-mail address)

(2) Superior Court of New Jersey
Appellate Division Docket Number

A- Docket # DKT00 201135

OR

Number assigned by trial/tax court or
agency (if no Appellate Docket Number):

_____

(3) Jolynne Sunkett
(Notice of Appeal)

v.

Superior Court of New
Jersey

Notice of Motion for

(4) NEVER received filing Paper in timely matter
Due to Covid-19 Paper was delayed, I
file within 3-days After I recieved.
Notice of Appeal. RECEIVED
APPELLATE DIVISION

MAY 1 1 2020

SUPERIOR COURT
OF NEW JERSEY

(5) To: _____

(Name of adversary and attorney, if represented)

_____

(Address -- use attorney's address if represented)

(6)   PLEASE TAKE NOTICE that the undersigned hereby moves before the Superior Court
of New Jersey, Appellate Division, for an Order granting the above-listed relief(s). In support of
this motion, I shall rely on the attached:

☑ brief and appendix

☐ certification (procedural motions only)

(7)   I am filing the original and 4 copies of my motion with the Clerk of the Appellate
Division, and serving 2 copies of my motion on all of the parties to the above-captioned matter.
Attached is a copy of my Certification of Service. RESPONDING PARTIES: Per *Rule* 2:8-1,
answers to this motion should be filed with the Clerk of the Appellate Division within 10 days of
your receipt of this motion unless otherwise directed by the Clerk.

(8) May 5, 2020
(Date)

(9) Jolynne Sunkett
(Your Signature)

(10) Jolynne Sunkett
(Print your name)

Ra 8

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Respondent
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112

By:   Kendall J. Collins
      Deputy Attorney General
      (609) 376-2953
      Attorney ID No.  017721997
      kendall.collins@law.njoag.gov


                              SUPERIOR COURT OF NEW JERSEY
                              APPELLATE DIVISION
                              DOCKET NO.  A-003540-19T1
_____
                              :
JOLYNNE SUNKETT,              :
                              :        CIVIL ACTION
        Appellant,            :
                              :   CERTIFICATION OF SERVICE
        v.                    :
                              :
BOARD OF REVIEW,              :
DEPARTMENT OF LABOR; AND :
BENIHANA NATIONAL CORP.   :
                              :
        Respondents.          :
_____


        Sally  V.  Gregg,  pursuant  to  R.  1:4-4(b),  hereby

certifies:

        1.   I am a Legal Secretary in the Division of Law,

Department of Law and Public Safety, State of New Jersey.

        2.   On February 10, 2021 at the direction of Kendall J.

Collins, Deputy Attorney General, I served an original and five (5)

copies of a Letter Brief and Appendix and a Certification of Service in the above-captioned matter via hand delivery to:

Joseph H. Orlando, Clerk
Superior Court of New Jersey
Appellate Division
25 Market Street
P.O. Box 006
Trenton, NJ  08625-0006

And two (2) copies of same sent via overnight mail to:

Jolynne Sunkett, *pro se*
1468 Kaighn Avenue
Apt. A
Camden, NJ  08103

Benihana National Corp.
5255 Marlton Pike W.
Pennsauken, NJ  08109

3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Sally V. Gregg

Date:      February 10, 2021

# EXHIBIT D

**LITTLER MENDELSON P.C.**
Jedd E. Mendelson (N.J. Bar No. 038131993)
David S. Ostern (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: jmendelson@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Benihana*

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br>                Plaintiff,<br><br>      -v-<br><br>BENIHANA,<br><br>             Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN<br>COUNTY<br><br>DOCKET NO. CAM-L-000757-21<br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL** |

**TO:** **Clerk, Law Division**
      **Superior Court of New Jersey, Camden County**
      **Civil Processing – Hall of Justice**
      **101 South 5th Street – Suite 150**
      **Camden, New Jersey 08103-4001**

**SIR OR MADAM:**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant

Benihana National Corp. ("Defendant") (improperly pled as "Benihana") has filed a Notice of

Removal of the above-captioned action in the United States District Court for the District of New

Jersey. Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Upon filing

of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to

counsel for Plaintiff Jolynne Sunkett ("Plaintiff"), Matthew D. Miller, Esq., Swartz Swidler, LLC,

1101 Kings Highway N., Suite 402, Cherry Hill, New Jersey 08034.

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

Dated: September 3, 2021

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Benihana*

*/s/ Jedd E. Mendelson*
Jedd E. Mendelson
David S. Ostern

**<u>CERTIFICATION OF SERVICE</u>**

I, Jedd E. Mendelson, certify that on this date I caused a copy of this Notice of Filing of

Notice of Removal (with a copy of the Notice of Removal attached) to be served via the *e-courts*

system on Plaintiff's counsel as follows:

Matthew D. Miller, Esq.
Swartz Swidler, LLC
1101 Kings Highway N., Suite 402
Cherry Hill, New Jersey 08034

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements are willfully false, I am subject to punishment.

Dated:  September 3, 2021                          */s/ Jedd E. Mendelson*
                                                              Jedd E. Mendelson

4815-0011-2376.4

# EXHIBIT E

**LITTLER MENDELSON, P.C.**
Jedd E. Mendelson, Esq. (N.J. Bar No. 038131993)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: jmendelson@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Benihana*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOLYNNE SUNKETT,<br><br>               Plaintiff,<br><br>     v.<br><br>BENIHANA,<br><br>             Defendant. | Civil Action No. 1:21-cv-16513<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>**(Superior Court of New Jersey, Docket No. CAM-L-000757-21)**<br><br>*Electronically Filed* |

**TO:    Matthew D. Miller, Esq.**
**Swartz Swidler, LLC**
**1101 Kings Highway N., Suite 402**
**Cherry Hill, New Jersey 08034**

      **PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey was filed on September 3, 2021 in the United States District Court for the District of New Jersey.  A copy of the petition is attached hereto.

Dated: September 3, 2021

                                   **LITTLER MENDELSON, P.C.**
                                   *Attorneys for Defendant*
                                   *Benihana*

                                   */s/ Jedd E. Mendelson*
                                   Jedd E. Mendelson
                                   David S. Ostern

4844-9091-3528.8